# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

FILED

January 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES M. GROSCH,

    Appellant,

VS.

STATE OF TENNESSEE,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)

C.C.A. NO. M1999-00239-CCA-R3-PC
(No. 29,862 Below)
COFFEE COUNTY

The Hon. L. Craig Johnson

(Dismissal of Post-Conviction Petition)

AFFIRMED PURSUANT TO RULE 20

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner opposes the motion. Having reviewed the state's motion, the petitioner's brief and response to the motion, and the record on appeal, the Court finds that the motion is well taken.

It appears that on March 17, 1998, the petitioner pled guilty to one count of burglary of a building, two counts of aggravated burglary, and one count of theft of property over $1000. Thereafter, on June 7, 1999, the petitioner filed his petition for post-conviction relief, which the trial court dismissed as outside the statute of limitations.

The petitioner concedes that this petition for post-conviction relief was filed outside the statute of limitations. However, he argues that he was under the mistaken impression that he would be released after serving 30% of his sentence, and therefore, the statute of limitations should have been tolled until after he served 30% of his sentence. Accordingly, the petitioner contends that the trial court should not have dismissed his petition without considering it on the merits.

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgement became final. T.C.A. § 40-30-202(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. See T.C.A. § 40-30-202(b). In the present case, the post-conviction petition was filed outside

the statute of limitations, and the trial court properly held that the petitioner failed to show that one of the exceptions listed in the statute was applicable.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE